UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARNICK,

    Plaintiff,

vs.

INTERSTATE BATTERIES, INC.;

    Defendant.

Case No.

Hon.

---

AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Attorneys for Plaintiff
888 W. Big Beaver, Ste. 910
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com

---

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, MICHAEL GARNICK, by and through his undersigned counsel, AKEEL & VALENTINE, PLC, and for his Complaint against Defendant, INTERSTATE BATTERIES, and states as follows:

## JURISDICTION AND PARTIES

1. Plaintiff, Michael Garnick, is a resident of the City of South Lyon, County of Oakland, State of Michigan.

1

2. Defendant Interstate Batteries ("Interstate") is a Delaware profit corporation, with its headquarters and principal place of business in Texas, who is authorized to do business as a foreign corporation in the State of Michigan, and conducts and operates facilities in the City of Taylor, County of Wayne, State of Michigan.

3. The instant action arises under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq.*, as well as under MCL § 32.271, *et seq.*

4. This Honorable Court has jurisdiction over Plaintiff's USERRA claims based on federal question jurisdiction, 28 U.S.C. § 1331.

5. This Honorable Court has jurisdiction over Plaintiff's claim under Michigan law based on diversity jurisdiction, 28 U.S.C. § 1332, because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

6. This Honorable Court also has supplemental jurisdiction over Plaintiff's claims under Michigan law pursuant to 28 U.S.C. § 1367(a) because they are inextricably intertwined with the federal claims and arise out of the same nucleus of operative facts.

7. This Court has personal jurisdiction over Defendant because Defendant conducts and operates facilities in the State of Michigan.

2

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-4595 ▪ (248) 269-4736 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

8. Venue is proper in this Honorable Court as Defendant conducts business within the Eastern District of Michigan, is subject to personal jurisdiction within the Eastern District of Michigan, and a substantial part of the events giving rise to the claims alleged occurred in the Eastern District of Michigan. 29 U.S.C. § 1391(b).

9. The actions that give rise to the claims asserted occurred in Wayne County, within the State of Michigan.

10. As a member of the National Guard, Plaintiff is protected by USERRA because he is Defendant's employee and serves in the uniformed services, as defined by 38 U.S.C. § 4303(16).

## COMMON ALLEGATIONS

11. Plaintiff incorporates by reference the foregoing paragraphs, as though fully set forth herein.

12. At all times relevant hereto, Plaintiff was an employee of Defendant Interstate and a member of the Uniformed Services, specifically the Army National Guard.

13. Defendant is Plaintiff's employer as defined by 38 U.S.C. § 4303(4)(A).

3

14. On March 25, 2011, Plaintiff enlisted in Michigan National Guard and as a Reserve of the United States Army with membership in the Army National Guard of the United States.

15. On or around March 30, 2015, Plaintiff was hired by Defendant as an Assistant Market General Manager and relocated to Dallas, Texas. **(Ex. A)**

16. Plaintiff did not receive any discipline or reprimand from Defendant as an Assistant Market General Manager.

17. On or around November 15, 2015, Defendant's Regional Manager, Chris Mays, spoke to Plaintiff about taking control of an Interstate facility in Taylor, a troubled operation at the time.

18. On or around January 17, 2016, Defendant promoted Plaintiff to Market General Manager I ("MGM"). **(Ex. B)**

19. By this promotion, Plaintiff was relocated to manage the Interstate facility in Taylor, Michigan.

20. On or around April 16, 2016, Plaintiff was activated for a Military Police Court in Ft. Custer, Michigan.

21. Subsequently, Plaintiff requested a Leave of Absence after he received an Order from the National Guard to serve. and Defendant approved Plaintiff to be placed on Leave of Absence beginning April 18, 2016 through May 15, 2016. **(Ex. C)**

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

22. On or around April 26, 2016, Defendant informed Plaintiff that he needed to decide if he wanted to continue working for Defendant Interstate or the military because the regional management team would not allow him to do both.

23. Plaintiff wanted to continue employment with Defendant Interstate and also serve his country when called upon.

24. On or around July 20, 2016, Plaintiff informed Defendant that he may be mobilized to Latvia to train NATO/Latvian military.

25. On or around August 2, 2016, Plaintiff gave his Orders for military service in Latvia to Defendant.

26. On or around August 6, 2016, Plaintiff was activated for training in Latvia.

27. On or around August 23, 2016, Plaintiff returned to work for Defendant.

28. On or around August 30, 2016, Defendant's management team arrived at the Interstate in Taylor and terminated Plaintiff.

29. Plaintiff asked why he was being terminated and Defendant's employee, Mr. Chris Mays replied, "it's not open for discussion."

30. Plaintiff pressed Mr. Mays for more details and Mr. Mays alleged performance.

31. However, Plaintiff's performance met expectations.

5

32. Following his wrongful termination, Plaintiff enlisted the United States Department of Labor ("DOL") to conduct an investigation to determine whether he was terminated due to his military obligations.

33. On or around May 18, 2017, a third-party, federal investigator from the DOL's Veterans' Employment and Training Service ("VETS") "found that the evidence reviewed during the course of our investigation supports your allegations that Interstate Batteries' adverse employment action resulting in your terminated on August 30, 2016 was based, in part, by your military obligations." **(Ex. D)**

## COUNT I
### DENIAL OF REEMPLOYMENT, RETENTION IN EMPLOYMENT, OR ANY BENEFIT OF EMPLOYMENT IN VIOLATION OF 38 U.S.C. § 4311(a).

34. Plaintiff incorporates by reference the foregoing paragraphs, as though fully set forth herein.

35. 38 U.S.C. § 4311(a) states in relevant part:

A person who is a member of,…performs, has performed,…or has an obligation to perform service in a uniformed service shall not be denied…reemployment, retention in employment,…or any benefit of employment by an employer on the basis of that membership,…performance of service,…or obligation.

36. Plaintiff is required to follow Orders, including attending to his military services in Latvia, as a condition of his service in the Army National Guard.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD · SUITE 910 · TROY, MICHIGAN 48084-4736 · (248) 269-9595 · FAX: (248) 269-9119
www.akeelvalentine.com

6

37. Plaintiff gave Defendant notice of the days that he was required to be absent from Interstate as a result of his commitment with the Army National Guard.

38. Defendant was required to return Plaintiff to his position upon his return from his Orders.

39. Defendant discriminated against Plaintiff in violation of 38 U.S.C. 4311(a) by denying him reemployment, retention in employment, promotion, or any "benefit of employment."

40. Plaintiff's membership, performance, or obligation to perform service in a uniformed service was a motivating factor that made a difference in Defendant's decision to subject him to the wrongful and discriminatory treatment described above.

41. Defendant, by its agents, representatives, and employees, were predisposed to discriminate on the basis of membership in, performance, or obligation to perform service in a uniformed service and acted in accordance with that predisposition.

42. Defendant's discriminatory conduct included, but is not limited to, Plaintiff's wrongful termination.

43. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

7

44. If Plaintiff had not been a member of the uniformed service, performed, or had an obligation to perform service in a uniformed service, he would not have been treated in the manner described above.

45. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

**WHEREFORE**, Plaintiff, MICHAEL GARNICK, respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant to fully compensate him for any and all of his economic and non-economic damages, including lost wages, lost benefits, loss of future wages, loss of employment and advancement opportunities, and emotional distress, plus punitive and exemplary damages to the extent provided by law, in addition to awarding costs, and attorney fees, and grant such further and additional relief as this Court deems just and equitable.

## COUNT II
### UNIFORMED SERVICES DISCRIMINATION IN VIOLATION OF 38 U.S.C. § 4311(b).

46. Plaintiff incorporates by reference the foregoing paragraphs, as though fully set forth herein.

47. 38 U.S.C. § 4311(b) states in relevant part:

8

An employer may not discriminate in employment against or take any adverse employment action against any person because such person…has exercised a right provided for in this chapter.

48. Plaintiff exercised his right to reemployment, retention in employment, and/or benefits of employment as provided for in this chapter.

49. Defendant retaliated against Plaintiff in violation of 38 U.S.C. 4311(b) for taking action to enforce his protection afforded under this Act.

50. Plaintiff's exercise of his right to reemployment, retention in employment, and/or benefits of employment was a motivating factor which made a difference in Defendant's decision to subject him to the wrongful and discriminatory treatment described above.

51. Defendant, by its agents, representatives, and employees, were predisposed to discriminate on the basis of Plaintiff's exercise of his rights as provided for in this chapter and acted in accordance with that predisposition.

52. Defendant's discriminatory conduct included, but is not limited to, Plaintiff's wrongful termination.

53. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

54. If Plaintiff had not exercised his rights as provided for in this chapter, he would not have been treated in the manner described above.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

55.    As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

**WHEREFORE**, Plaintiff, MICHAEL GARNICK, respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant to fully compensate him for any and all of his economic and non-economic damages, including lost wages, lost benefits, loss of future wages, loss of employment and advancement opportunities, and emotional distress, plus punitive and exemplary damages to the extent provided by law, in addition to awarding costs, and attorney fees, and grant such further and additional relief as this Court deems just and equitable.

## COUNT III

### DENIAL OF REEMPLOYMENT RIGHTS OF PERSONS WHO SERVE IN THE UNIFORMED SERVICES IN VIOLATION OF 38 U.S.C. § 4312.

56.    Plaintiff incorporates by reference the foregoing paragraphs, as though fully set forth herein.

57.    38 U.S.C. § 4312 states in relevant part:

…any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter if: (1) the person has given advance written or verbal notice of such service to such person's

10

employer; (2) the cumulative length of the absence and of all previous absences from a position of employment with that employer by reason of service in the uniformed services does not exceed five years; and (3) ...the person reports to...such employer in accordance with the provisions of subsection (e).

58.     Plaintiff gave Defendant advance written and/or verbal notice of his service, including, but not limited to, verbal communications and providing Defendants with his Orders.

59.     Plaintiff's cumulative length of absence, including all previous absences from his position of employment with Defendants by reason of service in the uniformed services, does not exceed five years.

60.     Plaintiff reported to Defendant and returned to work in accordance with the provisions of subsection (e).

61.     Upon the completion of his period of service in the uniformed services, Plaintiff notified Defendants of his intent to return to his position of employment with Defendant, and reported to Defendant not later than the beginning of the first full regularly scheduled work period on the first full calendar day following the completion of the period of service and the expiration of eight hours after a period allowing for the safe transportation of Plaintiff from the place of that service to Plaintiff's residence. *See* 38 U.S.C. § 4312(e)(1)(A)(i).

62.     Defendant's denial of reemployment was intentional, with reckless indifference to Plaintiff's rights and sensibilities.

11

63. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

**WHEREFORE**, Plaintiff, MICHAEL GARNICK, respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant to fully compensate him for any and all of his economic and non-economic damages, including lost wages, lost benefits, loss of future wages, loss of employment and advancement opportunities, and emotional distress, plus punitive and exemplary damages to the extent provided by law, in addition to awarding costs, and attorney fees, and grant such further and additional relief as this Court deems just and equitable.

## COUNT IV

### VIOLATIONS OF THE MILITARY LEAVES; REEMPLOYMENT PROTECTION ACT 133 OF 1955 MCL 32.271 *et seq.*

64. Plaintiff incorporates by reference the foregoing paragraphs, as though fully set forth herein.

65. At all times relevant hereto, Plaintiff was a member of the Army National Guard.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ■ SUITE 910 ■ TROY, MICHIGAN 48084-4736 ■ (248) 269-9595 ■ FAX: (248) 269-9119
www.akeelvalentine.com

66. At all times relevant hereto, Defendant Interstate was an employer as defined under MCL 32.272 of the Military Leaves; Reemployment Protection Act 133 of 1955.

67. Plaintiff's duties with the Army National Guard required him to be absent from his position at Interstate.

68. Defendant violated MCL 32.272 of the Military Leaves; Reemployment Protection Act 133 of 1955 by discharging Plaintiff for performing his duty as an enlisted man of the National Guard.

69. Defendant violated MCL 32.271 of the Military Leaves; Reemployment Protection Act 133 of 1955 by discriminating against Plaintiff because of his membership and duties with the Army National Guard.

70. Pursuant to MCL 32.273(6) of the Military Leaves; Reemployment Protection Act 133 of 1955 Plaintiff is entitled to full reinstatement, lost wages, and attorney fees.

**WHEREFORE**, Plaintiff, MICHAEL GARNICK, respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant to fully compensate him for any and all of his economic and non-economic damages, including lost wages, lost benefits, loss of future wages, loss of employment and advancement opportunities, and emotional distress, plus punitive and exemplary damages to the extent provided by law, in addition to awarding costs, and attorney

13

fees, and grant such further and additional relief as this Court deems just and equitable.

Respectfully submitted,

AKEEL & VALENTINE, PLC

/S/: SHEREEF H. AKEEL
By: Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Attorneys for Plaintiff
888 W. Big Beaver Rd, Ste. 910
Troy, MI 48084
Dated: June 22, 2017 (248) 269-9595

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARNICK,

      Plaintiff,

vs.

INTERSTATE BATTERIES, and
DISTRIBUTOR OPERATIONS, INC.;

      Defendants.

Case No.

Hon.

---

AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Attorneys for Plaintiff
888 W. Big Beaver, Ste. 910
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com

---

## JURY DEMAND

**NOW COMES** Plaintiff, MICHAEL GARNICK, by and through his undersigned counsel, AKEEL & VALENTINE, PLC, and hereby demands a trial by Jury of the above-referenced causes of action.

        Respectfully submitted,

        AKEEL & VALENTINE, PLC

        /S/:  SHEREEF H. AKEEL
    By:  Shereef H. Akeel (P54345)
        Hasan Kaakarli (P81099)

15

Attorneys for Plaintiff
888 W. Big Beaver Rd, Ste. 910
Troy, MI  48084
(248) 269-9595

Dated:  June 22, 2017

O:\Garnick, Mike\Pleadings-Draft\Complaint & Jury Demand.docx

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

16